Julie R. Trotter, Bar No. 209675
Jeffrey M. David, Bar No. 265503
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100
jtrotter@calljensen.com
jdavid@calljensen.com

Attorneys for Defendant Andrew Do

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIA HOWELL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW DO, an individual,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1367 SUPPLEMENTAL JURISDICTION**<br><br><br>Complaint Filed:   December 18, 2019<br>Trial Date:        None Set |

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1367 SUPPLEMENTAL JURISDICTION

## TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C., Section 1367, for Defendant Andrew Do ("Defendant") hereby removes to the United States District Court for the Northern District of California, the state court action described below. This removal is based on the following grounds:

## I.   JURISDICTION AND TIMELINESS

1. On December 18, 2019, Plaintiff Natalia Howell ("Howell") filed a complaint on her own behalf in Alameda County Superior Court, as Case No. RB19047299. In her Complaint, Howell seeks economic and punitive damages for being denied Workers' Compensation, being fired while on disability, and being discrimination against. A copy of the Complaint filed by Howell is attached hereto as Exhibit A. Defendant was not served with Howell's Complaint in federal court on June 24, 2020. However, this notice of removal is filed with the notice of removal for its related case because Howell has named Do as defendant in both, even if the marshalls did not effect service on him.

2. This Court has supplemental jurisdiction of this action pursuant to 28 U.S.C. Section 1367 because Howell's state law claims for damages form "part of the same case or controversy" and, indeed, hinge on the very same employment violations over which this Court has original jurisdiction, supplemental jurisdiction exists over Howell's state law claims under 28 U.S.C. Section 1367. *See Tritchler*, 358 F.3d at 1153 (9th Cir. 2004) (federal district court has supplemental jurisdiction over California Fair Employment and Housing Act claims in employment matter where federal claims are also raised).

While civil action's arising under state workers' compensation laws may not be removed, 28 U.S.C. § 1445, Howell's claims *do not arise under California law*.

"Workers' compensation is the **exclusive remedy** against an employer for injury…of an employee." *Alvarez v. Seaside Transportation Services LLC*, 13 Cal. App. 5th 635, 640 (2017) (emphasis added). "The purpose of this exclusivity provision is to give efficacy to the theoretical 'compensation bargain' between the employer and employee." *Privette v. Superior Court*, 5 Cal. 4th 689 (1993). "The [Workers' Compensation] Act's exclusivity clause applies to work-related injuries regardless of fault, including those attributable to the employer's negligence or misconduct, as well as the employer's failure to provide a safe workplace." *Id.* (citations omitted). An employee whose workers' compensation claim is denied may appeal to the workers' compensation appeals board. Cal. Lab. Code § 5900. Because Howell's claim is not properly a civil action under California law, it may be removed without violating 28 U.S.C. § 1445.

## II.   PROCESS, PLEADINGS AND ORDERS

Other than the complaint, no other process, pleading or order has been served on Defendant in this action. Defendant filed a demurrer on February 7, 2020. Howell sent her opposition to the demurrer to Defendant on June 18, 2020, although she has yet to formally file it. The demurrer has not been heard, nor have any further proceedings taken place.

## III.   VENUE

Venue is proper in this district pursuant to 28 U.S.C. Sections 1441(a) because the United States District Court for the Northern District of California, encompasses Alameda County where the events occurred and because the state action originally was filed in the Superior Court for Alameda County.

## IV.   NOTICE

Promptly after filing this Notice of Removal, Defendant will give written notice of this pleading to Howell and will file a copy of this Notice with the Superior Court of Alameda County.

## V.    **CONCLUSION**

For the reasons set forth above, Defendant removes Howell's original action filed in the Superior Court of the State of California, Alameda County, from that state court to this Court.

Dated:  July 22, 2020

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Jeffrey M. David


By: */s/ Jeffrey M. David*
    Jeffrey M. David

Attorneys for Defendant Andrew Do

EDE02-02:2811899_1:7-22-20                    - 4 -
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1367 SUPPLEMENTAL JURISDICTION