United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIA HOWELL,<br><br>        Plaintiff,<br><br>   v.<br><br>ANDREW DO,<br><br>        Defendant. | Case No.  20-cv-04897-JSC<br><br>**ORDER REMANDING ACTION TO ALAMEDA SUPERIOR COURT**<br><br>Re: Dkt. Nos. 14, 15 |

Plaintiff Natalia Howell filed this negligence action in the Alameda Superior Court in December 2019 against her former supervisor Andrew Do.  In July 2020, Mr. Do removed the action to this court invoking supplemental jurisdiction under 28 U.S.C. § 1367.  Ms. Howell filed another action against Garden of Eden, Mr. Do's current employer and her former employer, around the same time in the Alameda Superior Court, which was also removed under 28 U.S.C. § 1367.  *See Howell v. Garden of Eden*, No. 20-cv-4901.  Both removed actions were then related to Ms. Howell's employment discrimination action filed directly in this court against Garden of Eden and Mr. Do. *See Howell v. STRM LLC - Garden of Eden et al*., No. 20-cv-0123, Dkt. No. 30. Given the lack of subject matter jurisdiction appearing on the face of the Complaint, the Court *sua sponte* ordered Mr. Do to show cause ("OSC") as to why the case should not be remanded.  (Dkt. No. 13.)  Having reviewed the responses to the OSC, the Court REMANDS the case to the Alameda Superior Court for lack of subject matter jurisdiction.

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires diversity of citizenship and an amount in controversy in excess of $75,000.  Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise out of the constitution, laws, and treaties of the United States.  A claim "arises under" federal law

only if a "well pleaded complaint" alleges a cause of action based on federal law—an "actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and "the removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

The Notice of Removal bases jurisdiction on supplemental jurisdiction under 28 U.S.C. § 1367 "because Howell's state law claims for damages form 'part of the same case or controversy'" as the related federal case. (Dkt. No. 1 at 2.)[1] This statute, however, expressly limits the scope of supplemental jurisdiction to claims within a "civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a). Section 1367 does not provide for removal based on claims related to a separate action. *See Taylor v. Brinckhaus*, No. 18-CV-00804-JCS, 2018 WL 1891454, at *2 (N.D. Cal. Apr. 20, 2018) (collecting cases). With no issues of federal law on the face of the Complaint, Mr. Do has conceded that the Court does not have subject matter jurisdiction in this matter. (Dkt. No. 14 at 2.) Ms. Howell does not oppose remand. (Dkt. No. 15 at 2.)

The Court therefore REMANDS this action to the Alameda Superior Court for lack of subject matter jurisdiction under 28 U.S.C. § 1441(a).

This order disposes of Dkt. Nos. 14 and 15. Upon REMAND, the Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: October 1, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.